1  MARK J. ROMEO    SBN 112002
   LAW OFFICES OF MARK J. ROMEO
2  130 Sutter Street, 7th Floor
   San Francisco, CA 94104
3  Telephone: (415) 395-9315
   Facsimile:    (415) 395-9318
4  *romeolaw@msn.com*

5  Attorneys for Plaintiff
   INTEGRITY INVESTMENT GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRITY INVESTMENT GROUP, LLC ) | No. 07-06221 MHP |
| ) | |
| ) | **APPLICATION FOR ORDER TO** |
| Plaintiff, ) | **SHORTEN TIME ON MOTION** |
| ) | **TO REMAND TO STATE COURT** |
| v. ) | |
| ) | |
| KEVIN R. MCLEAN, ) | |
| ) | |
| Defendant.___ ) | |

Plaintiff Integrity Investments, LLC hereby applies to the court pursuant to Local Rule 6-3 for an order shortening time to notice and have heard a motion to remand this case to state court, and in furtherance thereof, applies as follows:

    1.    This is an action which was removed to this court by Notice of Removal filed by defendant Kevin R. McLean on December 7, 2007 from the San Mateo County Superior Court. The Notice of Removal contended that the case is one of federal question jurisdiction. The underlying state court action is a post-foreclosure eviction under state law pursuant to California Code of Civil Procedure §1161a.

    2.    Plaintiff originally filed this action on October 19, 2007 in the San Mateo Superior

Court for unlawful detainer under California Code of Civil Procedure § 1161a, to recover possession of a single family dwelling and land commonly known as 481 West Maple Way, Woodside, California 94062 (the "Eviction Action"). As the complaint alleges, there was a foreclosure sale of the defendant's property on October 3, 2007, at which plaintiff, a third party bidder, was the successful purchaser. Defendant is a hold over owner who is refusing to give up possession. (See Notice of Removal, Exhibit A [hereafter "Eviction Complaint") ¶¶ 1-10 and Exh. 1 thereto).

3. On November 2, 2007, prior to his appearance in the Eviction Action, defendant had, as plaintiff, filed a four-count complaint in the United States District Court, Northern District of California, Kevin R. McLean v. World Savings, et al., No. 07-05594 JSW (the "Related Action"). There is filed a Notice of Related Case in this action.

4. The unlawful detainer action is matter of purely state law. Under applicable state law, the plaintiff is entitled to a summary procedure to recover possession of the property. (Cal. Code of Civil Procedure 1179a).

5. To date, there is no evidence that the defendant has served or attempted to serve the Related Action. He has made no service attempts on this moving party at all. Defendant has failed to do so to inject as much procedural delay into this controversy.

6. Although plaintiff has held title to the subject property since October 3, 2007, it is ousted from all control of the property. Among other things, plaintiff has substantial capital tied up in the property, and must incur and continue to incur financial exposure to a senior lien on the subject property. Plaintiff is unable to enter the property to determine its condition, or to preserve it from any deterioration or hazards. Plaintiff has no control over who is or might be put into possession of the property.

7. Plaintiff has requested that defendant stipulate to an agreeable date for this motion on shortened time. A true and correct copy of an email sent to defendant on December 14, 2007 is attached hereto as Exhibit 1 and made a part hereof. Defendant has failed to respond to this communication.

1    8.    Plaintiff has checked the date available for the court and the earliest one on regular 35-day notice would be January 28, 2007, which would involve further delay of six weeks from the present time, and a total of 3 ½ months since the filing of this action.

9.    The burden on the court and the defendant is not great in that the proposed motion, which is drafted, consists of a 7 page memorandum of points and authorities, and a 5 paragraph declaration with 4 exhibits. The motion raises three straightforward issues under 28 U.S.C. 1447 ( c):

1) The Notice of Removal is untimely. The defendant was required to remove the action, if he so chose, within 30 days after service of the summons and complaint. While the Notice of Removal alleges he was served on November 30, 2007, it ignores the fact that the San Mateo Superior Court issued a ruling that defendant was validly served on November 1, 2007, 37 days before the Notice of Removal was filed in this court.

2) The Notice of Removal is procedurally defective. Defendant filed a Notice of Removal attaching only the complaint. There is an entire record of proceedings in the San Mateo Superior Court which should have been filed as well, so that if this were a removable matter, the court could proceed with the actual record of the case.

3) There is no federal subject matter jurisdiction. Eviction actions in general do not raise questions of federal law. Plaintiff was a third party bidder at an auction conducted under state law and hence is a bona fide purchaser, with no duty or responsibility for the regularity under the sale. The foreclosure statutes of California are constitutionally valid, and the objectives of the eviction action do not impact any question of the regularity of the sale in any case. Therefore, even if timely, the Notice of Removal has no merit.

10.    There have been no previous modifications of time in this case.

11.    There is presently scheduled a Case Management Conference in this case for March 24, 2008. Therefore, promptly hearing the motion would allow that date to be vacated and spare the plaintiff the expense and attorney time to participate in collection and disclosure of Rule 26 items, particularly where there is slight interest of the federal court in a state court Eviction.

1   12. The curt's information line indicate that the proposed hearing dates of alternatively January 7, 2008 or January 14, 2008 are available.

WHEREFORE, Plaintiff prays for an order shortening time in this case to have a motion for remand heard by the court on January 7 or 14, 2008; with the moving papers to be served not later than December 24, 2007.

Dated: December 17, 2007     LAW OFFICES OF MARK J. ROMEO

By /S/Mark J. Romeo
 MARK J. ROMEO
Attorneys for Plaintiff

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action; my business address is 130 Sutter Street, 7th Floor, San Francisco, CA 94104.

On  12/18 , 2007, I served the foregoing document(s) on the interested party(ies) in this action by placing ___ a true copy  XX  the original of said document(s) in a sealed envelope(s) addressed as stated below and

**BY MAIL**
I deposited such envelope(s) in the mail at San Francisco,
___ I am "readily familiar" with the office's practice of collection and processing correspondence for mailing. Under that practice, the mail would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE**
___ Personally hand delivered said document(s) to addressee
 x  I caused said document(s) to be served via personal service

**BY OVERNIGHT MESSENGER**
___ I caused said document(s) to be served by for next-day delivery, by agreement with tenants

**BY FACSIMILE**
___ And I faxed such document(s) to telephone number. A transaction report confirming a successful transmission was obtained.

**BY certified or registered mail**
___ I deposited such envelope(s) in the mail at San Francisco, California with the U.S. postal service on that same day with postage thereon fully prepaid, certified mail, return receipt requested.

PARTY(IES) SERVED:
KEVIN R. MCLEAN
LAW OFFICES OF BELLI & MCLEAN
473 Jackson Street, Second Floor
San Francisco, CA 94111

**DOCUMENT(S) SERVED:**
**APPLICATION**
 x  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 12/18 , 2007 at San Francisco, California.

  Mark Romeo 
Type or Print Name                             Signature