MARK J. ROMEO    SBN 112002
LAW OFFICES OF MARK J. ROMEO
130 Sutter Street, 7th Floor
San Francisco, CA 94104
Telephone: (415) 395-9315
Facsimile:    (415) 395-9318
*romeolaw@msn.com*

Attorneys for Plaintiff
INTEGRITY INVESTMENT GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRITY INVESTMENT GROUP, LLC<br><br>Plaintiff,<br><br>v.<br><br>KEVIN R. MCLEAN,<br><br>Defendant. | No. 07-06221 MHP<br><br>**DECLARATION OF MARK J. ROMEO IN SUPPORT OF MOTION TO REMAND TO STATE COURT**<br><br>**Date: TBD**<br>**Time: TBD**<br>**Court: Hon. Marilyn Hall Patel**<br>**Courtroom 15** |

I, Mark J. Romeo, state:

　　1.　I am attorney for the plaintiff in this case with my business address at 130 Sutter Street, 7th Floor, San Francisco, California 94104. I am also the attorney of record in the underlying state court case removed to this court in the instant action, <u>Integrity Investments, LLC v. Kevin R. McLean</u>, San Mateo Superior Court No. CLJ 195809 (hereinafter the "Eviction Action").

　　2.　Integrity Investments, LLC is not connected in any way with the other defendants in the related case, <u>Kevin R. McLean v. World Savings, et al.</u> United States District Court Northern District of California No. 07-05594 JSW. As shown by the Trustee's Deed upon

Sale (which is Exhibit 1 to the complaint removed herein) Plaintiff was a third party bidder at the sale, not the note holder or anyone connected with the note holder or trustee. Attached hereto as Exhibit 1 and made a part hereof is a true and correct copy of the Trustee's Deed upon Sale which is attached to the Eviction Action.

3. Prior to the removal of the Eviction Action, defendant Kevin R. McLean filed a motion to quash service of process in the Eviction Action, which was heard on December 3, 2007. Attached hereto as Exhibit 2 and made a part hereof is a true and correct copy of the Motion to Quash filed by defendant in the Eviction Action.

4. Plaintiff responded in two ways to the Motion to Quash. First, in an abundance of caution, plaintiff had the summons and complaint in the Eviction Action re-served on the defendant. This is the service that defendant alleges took place on November 30, 2007 in the Notice of Removal. (See Notice of Removal, ¶ 1). Second, plaintiff filed opposition to the motion, including the Declaration of Mark J. Romeo, which included the Amended Proof of Service in the Eviction Action. Attached hereto as Exhibit 3 and made a part hereof is a true and correct copy of the Declaration of Mark J. Romeo, with Exhibits, in the Eviction Action. The proof of service on file with the San Mateo Superior Court showed that service was effected on November 1, 2007.

5. On December 3, 2007, the San Mateo Superior Court ruled on the motion to quash, and overruled it. The court's ruling was that the November 1, 2007 service was adequate, and that its own tentative ruling would constitute a formal order of the court if not contested. Kevin R. McLean did not contest the tentative ruling. Attached hereto as Exhibit 4 and made a part hereof is a true and correct copy of the court's order of December 3, 2007, in the Eviction Action.

Under penalty of perjury I certify the foregoing to be true and correct of my own personal knowledge, that I can give competent testimony thereto if called as a witness in court, and that this Declaration was executed at San Francisco, California on **December 16, 2007.**

/s/Mark J. Romeo
Mark J. Romeo

|   |   |
|---|---|
| 1 | **PROOF OF SERVICE** |

1. 

2.     I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action; my business address is 130 Sutter Street, 7th Floor, San Francisco, CA 94104.

3. 

4.     On    12-18   , 2007, I served the foregoing document(s) on the interested party(ies) in this action by placing     a true copy  XX  the original of said document(s) in a sealed envelope(s) addressed as stated below and

5. 

6. **BY MAIL**
    I deposited such envelope(s) in the mail at San Francisco,

7.     I am "readily familiar" with the office's practice of collection and processing correspondence for mailing. Under that practice, the mail would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

10. **BY PERSONAL SERVICE**
    Personally hand delivered said document(s) to addressee

11.  x  I caused said document(s) to be served via personal service
**BY OVERNIGHT MESSENGER**

12.     I caused said document(s) to be served by for next-day delivery, by agreement with tenants
**BY FACSIMILE**

13.     And I faxed such document(s) to telephone number. A transaction report confirming a successful transmission was obtained.

14. **BY certified or registered mail**
    I deposited such envelope(s) in the mail at San Francisco, California with the U.S. postal service on that same day with postage thereon fully prepaid, certified mail, return receipt requested.

PARTY(IES) SERVED:

KEVIN R. MCLEAN
LAW OFFICES OF BELLI & MCLEAN
473 Jackson Street, Second Floor
San Francisco, CA 94111

**DOCUMENT(S) SERVED:**

**Declaration-Romeo**
 x   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on   12-18  , 2007 at San Francisco, California.

 Mark Romeo
Type or Print Name                            Signature