RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:
GLENN GUILLORY
975 YGNACIO VALLEY ROAD
WALNUT CREEK, CA 94596

Forward Tax Statements to
the address given above

**2007-148548**
02:17pm 10/11/07 TD Fee: 13.00
Count of pages 3 WD
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder

*2 0 0 7 0 1 4 8 5 4 8 A R*

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: 2006-21833686-A                    Order #: 3143151
Loan #: 0021833686                       Investor #:

## TRUSTEE'S DEED UPON SALE

A.P.N.: 068-110-130-9                    Transfer Tax: $650.65                    3

The Grantee Herein Was Not The Foreclosing Beneficiary.
The Amount of The Unpaid Debt was $591,131.69
The Amount Paid By The Grantee Was $591,200.00
Said Property Is In The City of **WOODSIDE**, County of San Mateo

**GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., A CALIFORNIA CORPORATION**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to

## INTEGRITY INVESTMENT GROUP, LLC

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of San Mateo, State of California, described as follows:

See exhibit "A" attached hereto and made a part hereof

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by KEVIN R. MCLEAN, AN UNMARRIED MAN as Trustor, dated 10/17/2003 of the Official Records in the office of the Recorder of San Mateo, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed
of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on 11/21/2003, instrument number 2003-330278, Book , Page of Official records. Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

# EXHIBIT 1

# TRUSTEE'S DEED UPON SALE

TS #: 2006-21833686-A
Loan #: 0021833686
Order #: 3143151

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with.  Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 10/3/2007.  Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being $591,200.00, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., A CALIFORNIA CORPORATION, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: 10/3/2007

GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., A
CALIFORNIA CORPORATION

By: _____
SETH WHITE, ASSISTANT SECRETARY

State of Texas    } ss.
County of Bexar  }
On 10/10/2007 before me, PATTY A. ALLEN  the undersigned Notary Public, personally appeared SETH WHITE, ASSISTANT SECRETARY personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____  (Seal)
PATTY ALLEN

PATTY A. ALLEN
MY COMMISSION EXPIRES
May 29, 2011

WORLD SAVINGS BANK, FSB

# E X H I B I T  "A"
## LEGAL DESCRIPTION

LOAN NO. _____ 0021833886 _____

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF  SAN MATEO
STATE OF  CALIFORNIA  *  *  *  *  *  , DESCRIBED AS FOLLOWS:

Commencing at a point in the westerly line of West Maple Way, which bears North 83° 31' West
50 feet and South 6° 29' West 33.30 feet from the northwest corner of Lot 20 in Block 206, as
shown on the Map entitled "Estates of Emerald Lake Subdivision Two" which Map was filed in the
Office of the Recorder of San Mateo County, State of California on August 1, 1927 in Book 16 of
Maps at Pages 18, 19, 20 and 21, thence northerly along said westerly line of West Maple Way,
North 6° 29' East 33.30 feet to the point on a curve to the right, having a radius of 237.03 feet;
thence along said curve, 88.39 feet to its end; thence North 27° 51' East 19.00 feet; thence
leaving said westerly line of West Maple Way, North 61° 46' 30" West 337.63 feet to an angle
point in the northwesterly line of that certain parcel of land described in the Agreement from
Lenoit Securities Corporation, a Corporation, to Agnes Mary Mahon, dated September 3, 1935
and recorded September 4, 1935 in Book 660 of Official Records of San Mateo County at Page
43, being also the southeasterly line of that certain parcel of land described in the Agreement of
sale between Lenoit Securities Corporation, a Corporation, and John J. Harper, dated June 4,
1937 and recorded August 26, 1937 in Book 759 of Official Records of San Mateo County at
Page 280; thence along the dividing line of the lands described in said Agreement, South 9° 42'
West 79.01 feet and South 16° 28' 30" West 60.00 feet; thence leaving said dividing line South
61° 20' 15" East 329.64 feet to the westerly line of West Maple Way and the point of
commencement.

When embossed, this is certified to be a true copy of the
records of the San Mateo Assessor-County Clerk-Recorder.

Warren Slocum, Assessor-County Clerk-Recorder

By _____

OCT 1 1 2007

1  Kevin R. McLean, CSB 127209
Law Offices of Belli & McLean
2  473 Jackson Street, Second Floor
San Francisco, CA  94111
3  Telephone:  (415) 981-0100
Facsimile:  (415) 981-2050
4
Defendant in Pro Per
5  Kevin R. McLean

**ENDORSED FILED**
**SAN MATEO COUNTY**

NOV 2 0 2007

Clerk of the Superior Court
By ___DANIEL SHEA___
DEPUTY CLERK

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF SAN MATEO - LIMITED CIVIL JURISDICTION

10

11  INTEGRITY INVESTORS, LLC;                    Case No.:  CLJ 195809
a California limited liability company,
12                                               NOTICE OF MOTION TO QUASH
        Plaintiff,                               SERVICE OF SUMMONS AND
13                                               COMPLAINT; MEMORANDUM OF
     v.                                          POINTS AND AUTHORITIES;
14                                               DECLARATION OF DEFENDANT, KEVIN
     KEVIN R. McLEAN; and DOES 1 through 10,     R. McLEAN
15
        Defendants.                              Date:  12-3-07
16                                               Time:  9:00 AM
                                                 Dept:  LAW & MOTION
17                                               Before:  Hon. TBA

18

19          NOTICE IS HEREBY GIVEN that on   12-3-07          at

20  9:00 AM    in Department   LAW MOTION        of the above entitled Court,

21  Defendant, KEVIN R. McLEAN, will move this Court for an order to quash this service for

22  Summons and Complaint in this matter, for failing to comply with California Code of Civil

23  Procedure §§ 415.10 et. seq.

24          This motion will be based upon the accompanying Memorandum of Points and

25  Authorities, the Declaration of Kevin R. McLean, attached hereto, and the papers on file with this

26  Court in this case.

27  Dated:  November 23, 2007

28                          BY:  _Kevin R McLean_
                                 KEVIN R. McLEAN
                                 In Pro Per

**EXHIBIT 2**

NOTICE OF MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DEFENDANT, KEVIN R. McLEAN

1                                                Case No.:  CLJ 195809

1  Kevin R. McLean, CSB 127209
   Law Offices of Belli & McLean
2  473 Jackson Street, Second Floor
   San Francisco, CA 94111
3  Telephone: (415) 981-0100
   Facsimile: (415) 981-2050
4
   Defendant in Pro Per
5  Kevin R. McLean

6

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10        FOR THE COUNTY OF SAN MATEO - LIMITED CIVIL JURISDICTION

11

12 | INTEGRITY INVESTORS, LLC;              | Case No.: CLJ 195809
   | a California limited liability company, |
13 |            Plaintiff,                   | MEMORANDUM OF POINTS AND
   |                                          | AUTHORITIES; DECLARATION OF,
14 | v.                                       | DEFENDANT, KEVIN R. McLEAN
   |                                          |
15 | KEVIN R. McLEAN; and DOES 1 through 10, | Date:
   |                                          | Time:
16 |            Defendants.                  | Dept:

17

18                              I.

19                     **INTRODUCTION**

20        This matter rises from a dispute over the ownership of the property located at 481 West

21 Maple Way, Woodside, CA. Plaintiff's Complaint alleges that a Business entity claims to have

22 purchased the subject property at a non-judicial foreclosure sale, held on these Courthouse steps

23 October 3, 2007. Defendant contends that no notice was given of such sale, thereby depriving

24 Defendant, Kevin R. McLean, of his constitutional rights to Due Process under both the United

25 States and California Constitutions (see Declaration of Kevin R. McLean, at ¶ 4).

26        The failure to give Notice of this Sale, was not limited to just Defendant Kevin R.

27 McLean. There are multiple lien holders who have a recorded interest in the subject property,

28 including the State of California, who were all defrauded by the alleged October 3, 2007 Non-

Judicial Trustee Sale. A federal lawsuit has been filed concerning the unlawful and fraudulent

1   actions on the part of Plaintiffs in this action and others, and a Lis Pendens, has been filed with

2   the San Mateo County Recorder notifying everyone of the ongoing dispute over the subject

3   property (see Declaration of Kevin R. McLean, at ¶ 4).

4         Plaintiff's have now filed an Unlawful Detainer Action against Defendant, Kevin R.

5   McLean, and have requested this Court to enter a default.  Plaintiffs' papers are defective and

6   cannot support such a request due to the fact that Defendant, Kevin R. McLean, has not been

7   served with the Summons and Complaint in this matter pursuant to California Code of Civil

8   Procedure §§ 415.10 et. seq.  Plaintiff's have failed to give proper notice to Defendant Kevin R.

9   McLean of this lawsuit, by failing to serve Defendant personally, pursuant CCP § 415.10 or

10  failing to use substituted service pursuant to CCP § 415.20 (see Declaration of Kevin R. McLean,

11  at ¶ 6,7).

12                                      **II.**

13                                  **ARGUMENT**

14        Plaintiff has failed to properly serve Defendant, Kevin R. McLean with the Summons and

15  Complaint in this case.  Defendant, Kevin R. McLean, was neither personally served with this

16  lawsuit nor did the Plaintiff attempt to use substituted service.  Therefore, Plaintiffs have failed

17  to properly join Defendant, Kevin R. McLean, in this matter.  Plaintiffs do not have standing to

18  request a default at this time as they have failed to comply with CCP §§ 415.10 et. seq.

19        This Court has the authority under the law and facts of this case to issue an order

20  quashing the Service of Summons and Complaint as to Defendant Kevin R. McLean.  Since

21  Plaintiff has have failed to comply with the law, their Request for Default is improper and should

22  be denied as well.

23                                     **III.**

24                                 **CONCLUSION**

25        For the reasons stated above, this Court is respectfully requested to enter an order

26  Quashing the Service of the Summons and Complaint as it pertains to Defendant, Kevin R.

27  McLean and denying Plaintiff's request for Default.

28  Dated:  November 23, 2007

                                 BY:    _Kevin R McLean_

                                        KEVIN R. McLEAN, pro per

1 | Kevin R. McLean, CSB 127209
Law Offices of Belli & McLean
2 | 473 Jackson Street, Second Floor
San Francisco, CA 94111
3 | Telephone: (415) 981-0100
Facsimile: (415) 981-2050
4 |
Defendant in Pro Per
5 | Kevin R. McLean

6 |

7 |

8 |                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |         FOR THE COUNTY OF SAN MATEO - LIMITED CIVIL JURISDICTION

10 |

11 | INTEGRITY INVESTORS, LLC;                    Case No.:  CLJ 195809
a California limited liability company,
12 |            Plaintiff,                       DECLARATION OF DEFENDANT, KEVIN
                                               R. McLEAN
13 | v.
                                               Date:
14 | KEVIN R. McLEAN; and DOES 1 through 10,    Time:
                                               Dept:
15 |            Defendants.

16 |

17 | I, KEVIN R. McLEAN, declare as follows:

18 |     1.  I am the Defendant in the above referenced matter.  The following is of my own

19 | personal knowledge and I can competently testify to it, under oath, if called upon, to do so.

20 |     2.  I purchased my property and home located at 481 West Maple Way, Woodside CA, in

21 | November 1990, and took title in January 1991.  I have lived continuously in my house since that

22 | date to the present.  Prior to November 1990, I resided in Woodside, originally from May 1986.

23 | My 10 year old son has attended Woodside Elementary School, and I have been active in this

24 | community for almost 22 years.

25 |     3.  On or about October 17, 2007, I received a notice to Quit from the Plaintiffs in this

26 | case, claiming the Plaintiffs had purchased my property at a purported Non-Judicial trustee Sale,

27 | allegedly occurring October 3, 2007.  Copy of said notice is attached as Exhibit A to this

28 | Declaration.

    4.  I have never been given notice by the Trustee or anyone affiliated with my mortgage

Company about an alleged Non-Judicial sale of my property to occur on October 3, 2007. On

November 2, 2007, I caused a lawsuit to be filed against my mortgage company, World Savings,

who is now owned by and doing business as Wachovia Bank, and the Plaintiff in this case. A

copy of the Lis Pendens, recorded with the County of San Mateo, and relevant to my lawsuit in

Federal Court is attached as Exhibit B to this Declaration.

   5.  On Wednesday, November 21, 2007, I received a Request for Default, signed by

Plaintiff's Attorney, and attached as Exhibit C to this Declaration.

   6.  I have never been personally served with any documents in this lawsuit, including the

Summons and Complaint.  I reside at my residence, which is the subject of this lawsuit, and have

not been approached by any process server from Plaintiff or their Attorney to the present.

   7.  I have not received a copy of the Summons and Complaint in this matter through the

mail, and therefore, I have not been served by substituted service.

   Signed under penalty of perjury pursuant to the laws of the State of California, in

Woodside, California, on November 23, 2007.

_____

KEVIN R. McLEAN

# EXHIBIT A

## NOTICE TO QUIT

TO: KEVIN R. MCLEAN; and all other persons possessing or occupying or claiming the right to possession of the premises described herein. Premises to which this notice relates are commonly known as:

**481 West Maple Way**
**Woodside, California 94062**

Hereafter the property so described is referred to as "the Premises."

NOTICE IS HEREBY GIVEN that INTEGRITY INVESTMENT GROUP, LLC ("Owner") has purchased the Premises at a trustee foreclosure sale held on October 3, 2007. Pursuant to such sale, the trustee made, executed, acknowledged and delivered to Owner a Trustee's Deed Upon Sale. Owner's title was thereafter perfected when the deed was recorded in the office of Clerk-Recorder for the County of San Mateo.

NOTICE IS HEREBY FURTHER GIVEN that before the expiration of three (3) days from the date that this Notice is served upon you, you are required to vacate the Premises, and to surrender the same to the Owner or its authorized agents. If you fail to so vacate or so surrender the Premises within the time stated, the Owner will commence legal proceedings against you for unlawful detention of the Premises, to recover possession of the Premises; for the rental value of the Premises; for damages; and costs.

The undersigned may be contacted to receive possession of the Premises.

DATED:  Oct. 12, 2007

MARK J. ROMEO
LAW OFFICES OF MARK J. ROMEO
130 Sutter Street, 7th Floor
San Francisco, CA 94104
(415) 395 -9315
(415) 395-9318 fax
Attorneys for Owner

8631-01\3DAY.001

# EXHIBIT B

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

Kevin R. McLean, CSB 127209
Law Offices of Belli & McLean
473 Jackson Street, Second Floor
San Francisco, CA 94111

E-filing

In The United States District Court
In and For the Northern Court of California
[San Francisco]

**TEH**

KEVIN R. McLEAN,

    Plaintiff,

v.

WORLD SAVINGS FSB; INTEGRITY
INVESTMENT GROUP, LLC;
GOLDEN WEST SAVINGS
ASSOCIATION SERVICE CO; SUSAN
FEDERIGHI; BILL FORD; JEFFERY
FORD; CALIFORNIA FRANCHISE
TAX BOARD; WILLIAM L. VEEN,

    Defendants.


Case No. CV 07 5594

NOTICE OF PENDENCY OF
ACTION (LIS PENDENS)
[PURSUANT TO CCP SECTION
405.20]

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office
ATTEST:
    RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By_____
          Deputy Clerk
Date____11/5/07____

NOTICE IS HEREBY GIVEN that the above-entitled action was filed in the

above-entitled Court on November 2, 2007 by Plaintiff, KEVIN R. McLEAN,

against DEFENDANTS INTEGRITY INVESTMENT GROUP, LLC; WORLD

SAVINGS FSB; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO;

SUSAN FEDERIGHI; BILL FORD; JEFFERY FORD; CALIFORNIA

FRANCHISE TAX BOARD; WILLIAM L. VEEN. The action affects plaintiff's

title to specific real property located at 481 West Maple Way, Woodside, San

Mateo County, California, and is described as follows:

COMMENCING AT A POINT IN THE WESTERLY LINE OF WEST MAPLE WAY, WHICH BEARS NORTH 83 DEGREES 31' WEST 50 FEET AND SOUTH 6 DEGREES 29' WEST 33.30 FEET FROM THE NORTHWEST CORNER OF LOT 20 IN BLOCK 206, AS SHOWN ON THE MAP ENTITLED "ESTATES OF EMERALD LAKE SUBDIVISION TWO" WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF SAN MATEO COUNTY, STAT EOF CALIFORNIA, ON AUGUST 1, 1927 IN BOOK 16 OF MAPS AT PAGES 18, 19, 20 AND 21; THENCE NORTHERLY ALONG SAID WESTERLY LINE OF WEST MAPLE WAY, NORTH 6 DEGREES 29 FEET EAST 33.30 FEET TO THE POINT ON A CURVE TO THE RIGHT, HAVING A RADIUS OF 237.03 FEET; THENCE ALONG SAID CURVE, 88.39 FEET TO ITS END; THENCE NORTH 27 DEGREES 51 FEET EAST 19.00 FEET; THENCE LEAVING SAID WESTERLY LINE OF WEST MAPLE WAY, NORTH 61 DEGREES 46 FEET 30 INCHES WEST 337.63 FEET TO AN ANGLE POINT IN THE NORTH WESTERLY LINE OF THAT CERTAIN PARCEL OF LAND DESCRIBED IN THE AGREEMENT FROM LENOLT SECURITIES CORPORATION, A CORPORATION, TO AGNES MARY MAHON, DATED SEPTEMBER 3, 1935 AND RECORDED SEPTEMBER 4, 1935 IN BOOK 660 OF OFFICIAL RECORDS OF SAN MATEO COUNTY AT PAGE 403, BEING ALSO THE SOUTH EASTERLY LINE OF THAT CERTAIN PARCEL OF LAND DESCRIBED IN THE AGREEMENT OF SALE BETWEEN LENOLT SECURITIES CORPORATION, A CORPORATION, AND JOHN J. HARPER DATED JUNE 4, 1937 AND RECORDED AUGUST 25, 1937 IN BOOK 759 OF OFFICIAL RECORDS OF SAN MATEO COUNTY AT PAGE 260: THENCE ALONG THE DIVIDING LINE OF THE LANDS DESCRIBED IN SAID AGREEMENTS, SOUTH 9 DEGREES 42 FEET WEST 79.01 FEET AND SOUTH 16 DEGREES 28 FEET 30 INCHES WEST 60.00 FEET; THENCE LEAVING SAID DIVIDING LINE SOUTH 61 DEGREES 20 FEET 15 INCHES EAST 329.64 FEET TO THE WESTERLY LINE OF WEST MAPLE WAY AND THE POINT OF COMMENCEMENT.

APN 068-110-130, JPN: 068-011-110-13A

Dated: November 2, 2007

BY: _____

KEVIN R. McLEAN
In Pro Per

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ACKNOWLEDGMENT

Subscribed and sworn to before me this ____ day of November, 2007.

_____

[Signature, printed name,
and title of Notary Public
or other officer administering
Oath]

NOTICE OF PENDENCY OF ACTION
(LIS PENDENS)

3

# EXHIBIT C

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MARK J. ROMEO SBN 112002<br>Law Off. of Mark J. Romeo<br>130 Sutter Street, 7th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415 395 9315    FAX NO. (Optional): 415 395 9318<br>E-MAIL ADDRESS (Optional): romeolaw@msn.com<br>ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center - 2d Floor
MAILING ADDRESS: 400 County Center - 2d Floor
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Limited Civil

PLAINTIFF/PETITIONER: INTEGRITY INVESTMENT GROUP, LLC

DEFENDANT/RESPONDENT: KEVIN R. MCLEAN

| REQUEST FOR<br>(Application) | ☐ Entry of Default    ☑ Clerk's Judgment<br>☐ Court Judgment | CASE NUMBER:<br>CLJ 195809 |
|---|---|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): October 19, 2007
   b. by (name): INTEGRITY INVESTMENT GROUP, LLC
   c. ☑ Enter default of defendant (names): KEVIN R. MCLEAN

   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. ☑ Enter clerk's judgment
      (1) ☑ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
      ☑ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) ☐ for default previously entered on (date):

2. Judgment to be entered.

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint | $ | $ | $ |
| b. Statement of damages * | | | |
| (1) Special | $ | $ | $ |
| (2) General | $ | $ | $ |
| c. Interest | $ | $ | $ |
| d. Costs *(see reverse)* | $ 355.00 | $ 0 | $ 355.00 |
| e. Attorney fees | $ | $ | $ |
| f. TOTALS | $ 355.00 | $ 0 | $ 355.00 |

   g. Daily damages were demanded in complaint at the rate of: $ 0    per day beginning (date): N/A
   (* *Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.*)

3. ☑ (Check if filed in an unlawful detainer case) Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4)*.

Date: November 16, 2007

Mark J. Romeo
_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) ☐ Default entered as requested on (date):<br>(2) ☐ Default NOT entered as requested (state reason):<br><br>Clerk, by _____, Deputy |
|---|---|

Page 1 of 2

REQUEST FOR ENTRY OF DEFAULT
(Application to Enter Default)