Kevin R. McLean, CSB 127209
Law Offices of Belli & McLean
473 Jackson Street, Second Floor
San Francisco, CA 94111
Telephone: (415) 981-0100
Facsimile: (415) 981-2050

Defendant in Pro Per
Kevin R. McLean

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN MATEO - LIMITED CIVIL JURISDICTION

| | |
|---|---|
| INTEGRITY INVESTORS, LLC; a California limited liability company,<br>Plaintiff,<br><br>v.<br><br>KEVIN R. McLEAN; and DOES 1 through 10,<br><br>Defendants. | Case No.: CLJ 195809<br><br>NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT |

TO PLAINTIFF INTEGRITY INVESTORS, LLC; NOTICE IS HEREBY GIVEN that a NOTICE OF REMOVAL of this action was filed in the UNITED STATES DISTRICT COURT IN AND FOR THE NORTHERN COURT OF CALIFORNIA on DECEMBER 7, 2007, ACTION NUMBER – CV 07-6221-MHP.

A copy of said NOTICE OF REMOVAL is attached to this Notice as exhibit A, and is served and filed herewith.

Dated: December 11, 2007

BY: _____
KEVIN R. McLEAN
In Pro Per

# EXHIBIT A

Kevin R. McLean, CSB 127209
Law Offices of Belli & McLean
473 Jackson Street, Second Floor
San Francisco, CA 94111
Telephone: (415) 981-0100
Facsimile: (415) 981-2050

Plaintiff in Pro Per
Kevin R. McLean

ORIGINAL FILED
E-filing
DEC 7 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In The United States District Court
In and For the Northern Court of California
[San Francisco]

MHP

| | |
|---|---|
| KEVIN R. MCLEAN,<br><br>Plaintiff,<br><br>v.<br><br>~~WORLD SAVINGS FSB~~; INTEGRITY INVESTMENT GROUP, LLC; ~~GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO~~; SUSAN ~~FEDERIGHI; BILL FORD; JEFFERY FORD~~; CALIFORNIA FRANCHISE ~~TAX BOARD; WILLIAM L. VEEN~~,<br><br>Defendants. | Case No.: 6221<br><br>San Mateo Superior Court Case No. CLJ 195809<br><br>NOTICE OF REMOVAL OF ACTION [28 U.S.C. section 1441(b)) [Federal Question)] |

PLEASE TAKE NOTICE that defendant Kevin R. McLean hereby removes to this Court the state court action described below.

1. Defendant has learned that on October 19, 2007, an action was commenced in the Superior Court of the State of California in and for the County of San Mateo entitled Integrity Investment Group, LLC, Plaintiff v. Kevin R. McLean, Defendant, as case number CLJ 195809. Attached hereto as Exhibit "A" is a true and correct copy of the complaint served November 30, 2007.

2. A summons and complaint was served on defendant on November 30, 2007.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. 1331, and is one which may be removed to this court by defendant pursuant to the provisions of 28 U.S.C. section 1441(b) wherein it arises under 42 U.S.C. section 1983 in that defendant alleges plaintiff violated his due process rights under the 14th Amendment of the United States Cohsitution. Also the deed of trust, which is the subject of this lawsuit, specifies federal jurisdiction in paragraph 15. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Dated: December 7, 2007

BY: _____
KEVIN R. McLEAN

NOTICE OF REMOVAL OF ACTION
2

# EXHIBIT A

MARK J. ROMEO   SBN 112002
LAW OFFICES OF MARK J. ROMEO
130 Sutter Street, 7th Floor
San Francisco, CA 94104
Telephone: (415) 395-9315
Facsimile:   (415) 395-9318
romeolaw@msn.com

Attorneys for Plaintiff
INTEGRITY INVESTMENT GROUP, LLC

(ENDORSED)
**FILED**
SAN MATEO COUNTY

OCT 19 2007

Clerk of the Superior Court
By __GRACE LACEY__
DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN MATEO
Limited Civil Jurisdiction

INTEGRITY INVESTMENT GROUP, LLC
a California limited liability company,

    Plaintiff,

v.

KEVIN R. MCLEAN; and DOES 1 through 10,

    Defendants.

No. CLJ 195809

COMPLAINT FOR
UNLAWFUL DETAINER
[Demand of less than $2,500.00]

Plaintiff alleges:

### FIRST CAUSE OF ACTION
(Unlawful Detainer)

1. At all relevant times, plaintiff INTEGRITY INVESTMENT GROUP, LLC was a California limited liability company, with its principal place of business in Orinda, Contra Costa County, California, and the owner of certain real property in the Town of Woodside, County of San Mateo, California, commonly known as 481 West Maple Way, Woodside, California 94062; and legally described in Exhibit 1 hereto. Hereafter this real property is referred to herein as "the Premises."

8631-01\COMPLAINT.001

COMPLAINT

  2. At all relevant times, defendants KEVIN R. MCLEAN and DOES 1 through 10 inclusively were and are individuals residing at the Premises.

  3. Between approximately November 21, 2003 and October 3, 2007, defendant KEVIN R. MCLEAN was the owner of title to the Premises.

  4. Plaintiff does not know the true names or capacities, whether individual, corporate, associate, or otherwise of the defendants sued herein as DOES 1 through 10, inclusive and therefore sues said defendants by such fictitious names. Plaintiff prays leave to amend this complaint to add the true names and capacities of said defendants when the same have been ascertained, together with further appropriate charging allegations. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is liable to the plaintiff for the things hereinafter mentioned, as hereinafter set forth.

  5. On or about November 21, 2003, defendant KEVIN R. MCLEAN, borrowed funds from plaintiff's predecessor in interest in the Premises, secured by a deed of trust on the Premises. The deed of trust was recorded in the official records of the Office of the County Recorder of the County of San Mateo, California, on November 21, 2003 as instrument No. 2003-330278. By this Deed of Trust, KEVIN R. MCLEAN conveyed the Premises to the trustee of such deed of trust to secure payment of the note.

  6. Thereafter, defendant KEVIN R. MCLEAN defaulted in the payment on the note secured by the deed of trust. The trustee, at the request of the beneficiary, and in accordance with section 2924 of the California Civil Code, caused to be recorded in the official records of the Office of the County Recorder of the County of San Mateo, California, a Notice of Default and Breach of Conditions of the Trustee and its election to sell the Premises under a power of sale contained in the deed of trust to satisfy the obligations secured thereby.

  7. Pursuant to the terms of the Deed of Trust and Notice of Default, a Notice of Trustee's Sale was duly recorded and published more than 90 days after the recording of the Notice of Default. As required by section 2924 of the California Civil Code, notice was given in the manner and form required by Civil Code section 2924(f) that the property would be sold at

8631-01\complaint          2       COMPLAINT

1 | public auction.

2 |       8.    On October 3, 2007, after due notice, the trustee held a trustee's sale pursuant
3 | to the notices and deed of trust described above, and duly sold the property to plaintiff, who was
4 | the highest bidder at the sale, and thereafter made, executed and delivered to plaintiff a Trustee's
5 | Deed Upon Sale for the property which was recorded in the Official Records of the Office of the
6 | County Recorder of the County of San Mateo, California on October 11, 2007. A true and correct
7 | copy of the Trustee's Deed is attached hereto as Exhibit 1 and made a part hereof.
8 |       9.    At the time of the sale, Defendants were in possession of the property, and
9 | have remained in possession after the sale.
10 |       10.    On October 14, 2007, plaintiff served on defendants a written notice stating
11 | the plaintiff had purchased the property, that its title had been duly perfected, and demanding that
12 | defendants quit the Premises within three days after service of the notice. The notice was served
13 | by posting on the Premises at about 11 a.m. on October 14, 2007, and thereafter on the same day,
14 | mailing it to the Premises, as permitted by CCP § 1162, because plaintiff was unable to deliver it
15 | personally to defendants and could not find a person of suitable age or discretion at the Premises
16 | to whom to deliver the notice. A true and correct copy of the notice is attached hereto as Exhibit
17 | 2 and made a part hereof.
18 |       11.    The three-day period of the notice has expired, and since that date, plaintiff
19 | has been and is entitled to immediate possession of the Premises.
20 |       12.    Defendants failed and refused to deliver up possession within the three-day
21 | period, or since, and continue in possession of the Premises without plaintiff's permission or
22 | consent.
23 |       13.    Defendants' occupation of the Premises is not subject to the local rent
24 | and/or eviction control laws of any city.
25 |     WHEREFORE, plaintiff prays judgment as follows:
26 |     1.    For a judgment for possession of the Premises;
27 |     2.    For costs of suit herein incurred; and
28 |

8631-01\complaint              3            COMPLAINT

3. For such further and other relief as the court deems proper.

DATED: October 18, 2007

LAW OFFICES OF MARK J. ROMEO

By *[signature]*
MARK J. ROMEO
Attorneys for Plaintiff