MARK J. ROMEO   SBN 112002
LAW OFFICES OF MARK J. ROMEO
130 Sutter Street, 7th Floor
San Francisco, CA 94104
Telephone: (415) 395-9315
Facsimile:      (415) 395-9318
*romeolaw@msn.com*

Attorneys for Plaintiff
INTEGRITY INVESTMENT GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRITY INVESTMENT GROUP, LLC ) <br> ) <br>             Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEVIN R. MCLEAN, ) <br> ) <br>             Defendant.___ ) <br> ) <br> ) <br> ) <br> _____ ) | No. 07-06221 MHP <br><br> **MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT** <br><br> **Date: TBD** <br> **Time: TBD** <br> **Court: Hon. Marilyn Hall Patel** <br>             **Courtroom 15** |

**1.     Introduction and Summary of Arguments**

This is an action which was removed to this court by Notice of Removal filed by defendant Kevin R. McLean on December 7, 2007 from the San Mateo County Superior Court. The Notice of Removal contended that the case is one of federal question jurisdiction. The underlying state court action is a post-foreclosure eviction under state law pursuant to California Code of Civil Procedure §1161a.

Plaintiff moves under 28 U.S.C. 1447 (c) to remand this action to state court immediately. Plaintiff submits that the motion should be granted for the following three reasons:

1) The Notice of Removal is untimely. The defendant was required to remove the action, if he so chose, within 30 days after service of the summons and complaint. While the Notice of Removal alleges he was served on November 30, 2007, it ignores the fact that the San Mateo Superior Court issued a ruling that defendant was validly served on November 1, 2007, 37 days before the Notice of Removal was filed in this court.

2) The Notice of Removal is procedurally defective. Defendant filed a Notice of Removal attaching only the complaint. There is an entire record of proceedings in the San Mateo Superior Court which should have been filed as well, so that if this were a removable matter, the court could proceed with the actual record of the case.

3) There is no federal subject matter jurisdiction. Eviction actions in general do not raise questions of federal law. Plaintiff was a third party bidder at an auction conducted under state law and hence is a bona fide purchaser, with no duty or responsibility for the regularity under the sale. The foreclosure statutes of California are constitutionally valid, and the objectives of the eviction action do not impact any question of the regularity of the sale in any case. Therefore, even if timely, the Notice of Removal has no merit.

**2.     Procedural History and Facts**

The present action is a state court eviction action which was removed to this court on December 7, 2007. Plaintiff originally filed this action on October 19, 2007 in the San Mateo Superior Court for unlawful detainer under California Code of Civil Procedure § 1161a, to recover possession of a single family dwelling and land commonly known as 481 West Maple Way, Woodside, California 94062. As the complaint alleges, there was a foreclosure sale of the defendant's property on October 3, 2007, at which plaintiff, a third party bidder, was the successful purchaser. Defendant is a hold over owner who is refusing to give up possession. (Req. For Judicial Notice No. 1 ("Notice of Removal") Exhibit A [hereafter "Eviction Complaint") ¶¶ 1-10 and Exh. 1).

On November 2, 2007, prior to his appearance in the Eviction Action, defendant had, as plaintiff, filed a four-count complaint in the United States District Court, Northern District of

California, <u>Kevin R. McLean v. World Savings, et al.</u>, No. 07-05594 JSW. (Req. For Judicial Notice No. 2 [hereafter the"Related Case"]. He has filed a Notice of Related Case in this action.

The Related Case names the original lender on defendant's property, World Savings, FSB; the foreclosure trustee company, Golden West Savings Association; Integrity Investments, LLC, the plaintiff in this action; and several individuals whose roles are apparently as claimants to other interests in the property formerly owned by defendant. The complaint in the Related Case alleges four claims for relief: "To Set Aside the Foreclosure Sale; Declaratory Relief; To Quiet Title; and Wrongful Eviction."

From the face of the complaint in the Related Case, there do not appear to be any but state law-based claims. Integrity Investments, LLC is not connected in any way with the other defendants in the Related Case, but was simply a successful third party bidder at a non-judicial foreclosure sale under state law. (Decl of Mark J. Romeo, [hereafter "Romeo"] ¶¶ 1-2 and Exhibit 1).

Prior to the removal of the Eviction Action, defendant Kevin R. McLean filed a motion to quash service of process in the Eviction Action, which was heard by the San Mateo Superior Court on December 3, 2007. [Romeo, ¶ 3 and Exhibit 2). Plaintiff responded in two ways to the Motion to Quash. First, in an abundance of caution, plaintiff had the summons and complaint in the Eviction Action re-served on the defendant. This is the service that defendant alleges took place on November 30, 2007 in the Notice of Removal. (See Notice of Removal, ¶ 1). Second, plaintiff filed opposition to the motion, including the Declaration of Mark J. Romeo, which included the Amended Proof of Service in the Eviction Action. (Romeo, ¶ 4 and Exhibit 3). The proof of service on file with the San Mateo Superior Court showed that service was effected on November 1, 2007. (<u>Id</u>.).

On December 3, 2007, the San Mateo Superior Court ruled on the motion to quash, and overruled it. The court's ruling was that the November 1, 2007 service was adequate, and that its own tentative ruling would constitute a formal order of the court if not contested. Kevin R. McLean did not contest the tentative ruling. (Romeo, ¶ 5 and Exhibit 4, pp. 3-7).

//

**3.    The Notice of Removal is Untimely**

Generally, a defendant must file a Notice of Removal from state court within 30 days of service of the first pleading in the state court action which discloses a removable claim. (28 U.S.C. 1446(a)); Harris v. Bankers Life & Casualty Company 425 F3 689, 694 (9th. Cir. 2005). In this case, defendant must have perceived the action as removable because he filed the Related Case on November 2, 2007. Among other things, he attached as Exhibit F a copy of the Eviction Action complaint. In the Related Case Complaint, defendant alleges he received the Eviction Action complaint as early as October 22, 2007(Related Case Complaint, ¶ 34 and Exh. F thereto).

In any event, when defendant eventually removed the case on December 7, 2007, he concurrently filed a Notice of Related Action in the Related Case. In the Notice of Removal, defendant maintained that the removed action was served on November 30, 2007, making the Notice of Removal appear facially timely. (Notice of Removal, ¶ 1). However, because defendant did not, as he was required to, attach a complete copy of the record of the removed case, (see Section 4 below), he avoided showing that four days prior to the removal, the state court had issued an order denying his motion to quash service, and ruling that service effected on November 1, 2007 was valid. (Romeo, ¶ 5 and Exhibit 4).

The state court order precludes defendant from asserting that service was not until November 30, 2007, on res judicata principles. Federal courts must give "full faith and credit" to state court judgments and orders. In federal courts, it has long been held that a judgment or order of any court, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition. (Stoll v. Gottlieb 305 US 165, 170 (1938). Res judicata prevents the readjudication of all matters which were, or might have been, litigated in a prior proceeding between the same parties. (Id.; Seigel v. The Federal Home Loan Mortgage Corporation 143 F3 525 (9th Cir. 1998; Moore v. City of Costa Mesa 678 F. Supp.1448 (C.D. Cal. 1987).

When res judicata strictly speaking does not apply, because the same party does not assert

the same cause of action, principles of collateral estoppel apply. [1] Collateral estoppel applies when (1) the issue sought to be precluded is identical to an issue decided in a former litigation; (2) the issue was actually litigated in the former proceeding; (3) the decision in the former proceeding was final and on the merits; and (4) the party against whom preclusion is sought must be the same party or a privity of a party in the former proceeding. (First National Bank v. Russell 76 F3 242, 244 (9th Cir. 1995); Lucido v. Superior Court 51 C3 335, 341 cert. den. 500 US 920 (1991); see also Pardo v. Olson & Sons, Inc. 40 F3 1063, 1066 (9th Cir. 1994)).

In this case, service of process was conclusively established as of November 1, 2007 which was 37 days prior to the Notice of Removal. The Notice of Removal is untimely and therefore, the case should be remanded immediately.

**4.    The Notice of Removal is Procedurally Defective**.

As noted above, the sole item attached to the Notice of Removal is a copy of the complaint in the Eviction Action. However, under the removal statute, the defendant is required to file the all pleadings, process and orders in the state court case. (28 U.S.C. 1446(a)). If the case is in fact removed and removable, the federal court is entitled to have the full record in this case. If defendant had in fact filed the complete record, it would have included a conclusive order of the state court that contradicted his statement of timeliness in the Notice of Removal. (See Notice of Removal, ¶ 1). The party seeking removal carries the burden of showing that all procedural requirements have been met. (Parker v. Brown 570 F.Supp. 640, 642-643( S.D. OH 1983). At least one federal court has held that the failure to comply with the statute renders a notice of removal jurisdictionally defective. (Kisor v. Collins 338 F. Sup. 3d 1279, 1280 (N.D. Al 2004).

In this case, the Notice of Removal is procedurally defective in that it failed to comply with the removal statute. As noted above, this resulted in concealment of a substantive defect in the

---

Federal courts use different terms to refer to res judicata and collateral estoppel concepts. They say that res judicata includes two distinct types of preclusion: claim preclusion and issue preclusion. (Robi v. Five Platters, Inc. 838 F2 318, 321 (9th Cir. 1988). Claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim." (Id.). Issue preclusion "prevents re-litigation of all "issues of fact or law that were actually litigated and necessarily decided in a prior proceeding." (Id. at 322). The requirement of actual litigation does necessitate a full-blown trial or opinion on the matter. (Gilldorn Savings Assn v. Commerce Savings Assn. 804 F2 390, 394-395 (7th Cir. 1987).

Notice of Removal, that it was untimely. Therefore, the case should be remanded on this additional ground.

**5.    No Subject Matter Jurisdiction.**

In this case, the basis for removal is allegedly the unlawful detainer complaint, and its relation to the issues in the Related Case, where it is raised as a "Wrongful Eviction." (Related Action Complaint, ¶¶ 32-36 and Exhibits E and F thereto). In ruling on a motion to remand, the court ordinarily will determine removability from the four corners of the removed complaint as it existed on the date of removal, as well as any pertinent facts in the Notice of Removal. (Miller v. Grgurich 763 F2 372, 373 (9th Cir. 1985; Gaus v. Miles, Inc. 980 F2 564, 567 (9th Cir. 1992). Removal jurisdiction statutes are narrowly construed against removal. (Libhart v. Santa Monica Dairy Co. 592 F2 1062, 1064 (9th Cir. 1979)). The facts justifying removal must appear on the face of the pleadings. (Rath Packing Co. v. Becker 530 F2 1295, 1303-1304 (9th Cir. 1975).

In this case, the routine unlawful detainer complaint attached to the Notice of Removal pleads no federal question at all, and defendant cannot inject a federal issue by stating it as a potential defense. Since removability is determined right now, the fact that he might assert a "due process" defense in an answer is insufficient. Defendant alleges in the Notice of Removal that the federal question arises as a civil rights violation under 42 U.S.C. 1983 (Notice of Removal ¶3), but no such claim is stated in the Eviction Action or the Related Action. The Related Action states only four purely state-law based claims. He further asserts in the Notice of Removal that the Deed of Trust between him and World Savings specifies that federal law will apply to its provisions. However, plaintiff is not a party to that contract; defendant does not even allege it.

Generally, landlord tenant and unlawful detainer actions are matters purely of state law. (Powers v. United States Postal Service 671 F2 1041, 1045 (7th Cir. 1982). The federal courts in the Ninth Circuit have found subject matter jurisdiction lacking when a defendant attempts to remove a state law unlawful detainer action to federal court. (See e.g., Round Valley Indian Housing Authority v. Hunter  907 F.Supp. 1343, 1348 (N.D. Cal. 1995); Cooper v. Washington Mutual Bank 2003 U.S. Dist. Lexis 4559 (N.D. Cal. 2003) (Per Judge Walker: "An unlawful

detainer does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."). The non-judicial foreclosure scheme in California is constitutionally valid (Strutt v. Ontario Savings & Loan Association 11 CA3 547 (1972)

In fact, it is doubtful that there is any claim under state law against plaintiff. The California courts have made it very clear that a third party purchaser at a sale is a bona fide purchaser. By statute, this presumption of a regular sale is **conclusive** in favor of a bona fide purchaser. (Civil Code Section 2924). As the court stated in 6 Angels, Inc. v. Stuart-Wright Mortgage, Inc. (2001) 85 CA4 1279, 1286:

> Aside from the common law presumption of validity..., Civil Code section 2924 contains a statutory presumption "aris[ing] from the recital in the trustee's deed that all statutory requirements for notice of default and sale have been satisfied. This presumption is prima facie evidence of compliance and conclusive evidence of compliance in favor of a bona fide purchaser or encumbrancer."...

(Emphasis original). The conclusive presumption under Civil Code § 2924 is one "that *requires the trier of fact to find that the presumed fact exists*" from a finding of the existence of the basic fact. The presumption is conclusive "because the adverse party against whom it operates *is not permitted* to introduce evidence to contradict or rebut the existence of the presumed fact." (Wolfe v. Lipsey (1985) 163 CA3 633, 639-640 (Italics in original). If such presumption applies, the sale is properly conducted for all purposes between the trustor and the bona fide purchaser, and constitutes a final adjudication of the rights of the borrower and lender. (Smith v. Allen (1968) 68 C2 93, 96; Moeller v. Lien (1994) 25 CA4 822, 830-833). Moreover, the California Supereme Court has long held that issues as to the title of the subject property or the regularity of the sale cannot be raised in an unlawful detainer even as defensive matter.(Vella v. Hudgins (1977) 20 C3 251, 255).

For the foregoing reason, it is extremely doubtful that the defendant has any claim against the plaintiff because the plaintiff is entitled to a conclusive presumption as a third party purchaser, that as against it, the sale was regularly conducted. It is equally clear that there is no federal question jurisdiction on the face of either complaint in the Eviction Action or the Related Action; nor can such claims be implied from either. Under such circumstances, there is no subject matter

jurisdiction and the court should remand this case to state court.

**5.     Conclusion**.

For the foregoing reasons, the court should grant the motion, and remand this routine state law eviction case to San Mateo County Superior Court. The order should be effective immediately upon entry.

Dated:  December 18, 2007          LAW OFFICES OF MARK J. ROMEO

By /S/Mark J. Romeo
  MARK J. ROMEO
Attorneys for Plaintiff

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action; my business address is 130 Sutter Street, 7th Floor, San Francisco, CA 94104.

On __12/18_____, 2007, I served the foregoing document(s) on the interested party(ies) in this action by placing ___ a true copy __XX__ the original of said document(s) in a sealed envelope(s) addressed as stated below and

**BY MAIL**
    I deposited such envelope(s) in the mail at San Francisco,
___ I am "readily familiar" with the office's practice of collection and processing correspondence for mailing. Under that practice, the mail would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE**
___ Personally hand delivered said document(s) to addressee
_x_ I caused said document(s) to be served via personal service

**BY OVERNIGHT MESSENGER**
___ I caused said document(s) to be served by for next-day delivery, by agreement with tenants

**BY FACSIMILE**
___ And I faxed such document(s) to telephone number. A transaction report confirming a successful transmission was obtained.

**BY certified or registered mail**
___ I deposited such envelope(s) in the mail at San Francisco, California with the U.S. postal service on that same day with postage thereon fully prepaid, certified mail, return receipt requested.

PARTY(IES) SERVED:
KEVIN R. MCLEAN
LAW OFFICES OF BELLI & MCLEAN
473 Jackson Street, Second Floor
San Francisco, CA 94111

**DOCUMENT(S) SERVED:**
**Memo P&A**

_x_ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _12/18_____, 2007 at San Francisco, California.

_Mark Romeo_____     _____
Type or Print Name                                Signature