1  MARK J. ROMEO    SBN 112002
   LAW OFFICES OF MARK J. ROMEO
2  130 Sutter Street, 7th Floor
   San Francisco, CA 94104
3  Telephone: (415) 395-9315
   Facsimile:     (415) 395-9318
4  *romeolaw@msn.com*

5  Attorneys for Plaintiff
   INTEGRITY INVESTMENT GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRITY INVESTMENT GROUP, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEVIN R. MCLEAN, ) <br> ) <br> Defendant.____ ) <br> ) <br> ) <br> ) | No. 07-06221 JSW <br><br> **DECLARATION OF MARK J. ROMEO IN SUPPORT OF APPLICATION FOR ORDER TO SHORTEN TIME ON MOTION TO REMAND TO STATE COURT** |

I, Mark J. Romeo, state:

    1.    I am attorney for the plaintiff in this case with my business address at 130 Sutter Street, 7th Floor, San Francisco, California 94104. I am also the attorney of record in the underlying state court case removed to this court in the instant action, <u>Integrity Investments, LLC v. Kevin R. McLean</u>, San Mateo Superior Court No. CLJ 195809 (hereinafter the "Eviction Action"). This is an action which was removed to this court by Notice of Removal filed by defendant Kevin R. McLean on December 7, 2007 from the San Mateo County Superior Court. The Notice of Removal contended that the case is one of federal question jurisdiction. The underlying state court action is a post-foreclosure eviction under state law pursuant to California Code of Civil

1  Procedure §1161a.

2      2.    Plaintiff originally filed this action on October 19, 2007 in the San Mateo Superior Court for unlawful detainer under California Code of Civil Procedure § 1161a, to recover possession of a single family dwelling and land commonly known as 481 West Maple Way, Woodside, California 94062 (the "Eviction Action"). As the complaint alleges, there was a foreclosure sale of the defendant's property on October 3, 2007, at which plaintiff, a third party bidder, was the successful purchaser. Defendant is a hold over owner who is refusing to give up possession. (See Notice of Removal, Exhibit A [hereafter "Eviction Complaint") ¶¶ 1-10 and Exh. 1 thereto).

3      3.    On November 2, 2007, prior to his appearance in the Eviction Action, defendant had, as plaintiff, filed a four-count complaint in the United States District Court, Northern District of California, <u>Kevin R. McLean v. World Savings, et al.</u>, No. 07-05594 JSW (the "Related Action"). There is filed a Notice of Related Case in this action.

4      4.    On December 19, 2007, plaintiff filed a motion to remand in this case. Plaintiff requests that the court take judicial notice of the motion and supporting papers.

5      5.    On December 21, 2007, while this case was pending before Judge Patel, the court entered an order scheduling briefing on the motion to remand. A true and correct copy of the Order is attached hereto as Exhibit 1 and made a part hereof. The court set the hearing for January 28, 2008. No opposition to the motion has ever been filed.

6      6.    On January 24, 2008, while this case was pending before Judge Patel, the court entered an order that the hearing date was vacated and the motion was submitted on the papers. A true and correct copy of the Order is attached hereto as Exhibit 2 and made a part hereof.

7      7.    On February 1, 2008, the court entered a Related Case Order. A true and correct copy of the Order is attached hereto as Exhibit 3 and made a part hereof. The Order provides that any dates for noticed motions are vacated and must be renoticed by the parties. Since the prior order of the court already vacated the hearing date and provided that the matter was submitted, plaintiff believes that the unopposed motion has been submitted and that there is no

1  hearing to re-notice. According to the court's calendar information, cases with numbers ending
2  in "1" may be noticed for February 22, 2008. Therefore, it the matter must be renoticed,
3  plaintiff submits that because the motion has been filed since mid-December, and was not
4  opposed, that it should be put on calendar for February 22, 2008 for hearing and ruling.

5        8.    As noted above this is a state law unlawful detainer case, normally entitled to
6  precedence on the state court calendars. The unlawful detainer action is matter of purely state
7  law. Under applicable state law, the plaintiff is entitled to a summary procedure to recover
8  possession of the property. (Cal. Code of Civil Procedure 1179a). Defendant's filing of the
9  notice of removal was a frivolous tactic allowing him to delay plaintiff's case without substantial
10 justification.

11       9.    As defendant in the related case, No. 07-5594, plaintiff has moved to dismiss it.
12 Under substantive law, any ruling on that motion is not determinative of the issues in the
13 eviction action. (<u>Vella v. Hudgins</u> 20 C3 251, 255 (1977) (holding that post foreclosure evictions
14 have no res judicata effect as to parallel actions to cancel sale).

15       10.    Although plaintiff has held title to the subject property since October 3, 2007,
16 it is ousted from all control of the property. Among other things, plaintiff has substantial capital
17 tied up in the property, and must incur and continue to incur financial exposure to a senior lien
18 on the subject property. Plaintiff is unable to enter the property to determine its condition, or to
19 preserve it from any deterioration or hazards. Plaintiff has no control over who is or might be
20 put into possession of the property. Plaintiff timely filed a motion to remand to protect its
21 interests, and the state of the record, with a submitted motion, leaves such relief in limbo.

22       11.    The burden on the court and the defendant is not great in that the proposed
23 motion, consists of a 7 page memorandum of points and authorities, and a 5 paragraph
24 declaration with 4 exhibits. The motion raises three straightforward issues under 28 U.S.C. 1447
25 ( c):

26     1) The Notice of Removal is untimely. The defendant was required to remove the action,
27 if he so chose, within 30 days after service of the summons and complaint. While the Notice of
28

Removal alleges he was served on November 30, 2007, it ignores the fact that the San Mateo Superior Court issued a ruling that defendant was validly served on November 1, 2007, 37 days before the Notice of Removal was filed in this court.

2) The Notice of Removal is procedurally defective. Defendant filed a Notice of Removal attaching only the complaint. There is an entire record of proceedings in the San Mateo Superior Court which should have been filed as well, so that if this were a removable matter, the court could proceed with the actual record of the case.

3) There is no federal subject matter jurisdiction. Eviction actions in general do not raise questions of federal law. Plaintiff was a third party bidder at an auction conducted under state law and hence is a bona fide purchaser, with no duty or responsibility for the regularity under the sale. The foreclosure statutes of California are constitutionally valid, and the objectives of the eviction action do not impact any question of the regularity of the sale in any case. Therefore, even if timely, the Notice of Removal has no merit.

12.   There have been no previous modifications of time in this case.

Under penalty of perjury I certify the foregoing to be true and correct of my own personal knowledge, that I can give competent testimony thereto if called as a witness in court, and that this Declaration was executed at San Francisco, California on **February 5, 2008.**

/s/Mark J. Romeo
Mark J. Romeo

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action; my business address is 130 Sutter Street, 7th Floor, San Francisco, CA 94104.

On __2/5__, 2008, I served the foregoing document(s) on the interested party(ies) in this action by placing ___ a true copy __XX__ the original of said document(s) in a sealed envelope(s) addressed as stated below and

**BY MAIL**
  I deposited such envelope(s) in the mail at San Francisco,
___ I am "readily familiar" with the office's practice of collection and processing correspondence for mailing. Under that practice, the mail would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE**
___ Personally hand delivered said document(s) to addressee
_x_ I caused said document(s) to be served via personal service

**BY OVERNIGHT MESSENGER**
___ I caused said document(s) to be served by for next-day delivery, by agreement with tenants

**BY FACSIMILE**
___ And I faxed such document(s) to telephone number. A transaction report confirming a successful transmission was obtained.

**BY certified or registered mail**
___ I deposited such envelope(s) in the mail at San Francisco, California with the U.S. postal service on that same day with postage thereon fully prepaid, certified mail, return receipt requested.

PARTY(IES) SERVED:
KEVIN R. MCLEAN
LAW OFFICES OF BELLI & MCLEAN
473 Jackson Street, Second Floor
San Francisco, CA 94111

**DOCUMENT(S) SERVED:**
**Declaration**

_x_  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _2/5_, 2008 at San Francisco, California.

| Mark Romeo | /S/ Mark J. Romeo |
|---|---|
| Type or Print Name | Signature |