**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTEGRITY INVESTMENT GROUP, LLC,

    Plaintiff,

v.

KEVIN R. MCLEAN,

    Defendant.

No. C 07-06221 JSW

**ORDER GRANTING MOTION TO REMAND**

Now before the Court is the motion to remand filed by plaintiff Integrity Investment Group, LLC ("Integrity"). Having carefully reviewed the parties' papers and considering the relevant legal authority, the Court hereby GRANTS Integrity's motion to remand.[1]

**BACKGROUND**

On October 19, 2007, Integrity filed suit in the Superior Court of California against defendant Kevin R. McLean ("McLean") for unlawful detainer. (Notice of Removal, Ex. A.) McLean removed the action to this Court on December 7, 2007. In his notice of removal, McLean contends that he was served with the complaint on November 30, 2007. (*Id*.) McLean further contends that this Court has jurisdiction over this matter because it arises under 42 U.S.C. § 1983 in that Integrity violated his due process rights under the Fourteenth Amendment of the United States and because the deed of trust specifies federal jurisdiction. (*Id*.)

When this action was in state court, Plaintiff filed a motion to quash service of the summons and complaint. (Declaration of Mark J. Romeo, ¶ 3, Ex. 2.) In opposition to the motion to quash, Integrity filed a declaration attaching a proof of service showing that McLean

---

[1] Integrity's request for judicial notice is granted. *See* Fed. R. Evid. 201.

was served on November 1, 2007. (*Id.*, ¶ 4, Ex. 3.) The state court denied the motion to quash and held that the service had been proper. (*Id.*, ¶ 5, Ex. 4.)

Integrity now moves to remand the action to state court on the grounds that the removal was untimely and this Court lacks subject matter jurisdiction.

## ANALYSIS

**A.   Legal Standards Relevant to Removal Jurisdiction.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Pursuant to 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days, by the receipt of the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." The thirty-day period for filing a notice of removal is triggered when the defendant first receives formal service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or

she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28. "It is well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at issue." *Caterpillar,* 482 U.S. at 393 (emphasis in original).

**B.     McLean's Removal Was Untimely.**

McLean was required to remove this action within thirty days of being served with the complaint. *See* 28 U.S.C. § 1446; *see also Murphy Bros.*, 526 U.S. at 354-56. McLean was served on November 1, 2007, but did not remove this action until December 7, 2007, more than thirty days later. Therefore, McLean's removal was untimely. Accordingly, the Court GRANTS Integrity's motion to remand.

**C.     The Court Lacks Subject Matter Jurisdiction.**

Integrity filed this unlawful detainer action, asserting solely state-law issues. McLean removed this action on the grounds that it arises under 42 U.S.C. § 1983 in that Integrity violated his due process rights under the Fourteenth Amendment of the United States and because the deed of trust specifies federal jurisdiction. (Notice of Removal.) However, even if McLean could raise these federal issues as defenses to the eviction action, defenses based on federal law do not provide a basis for removal. *See Caterpillar,* 482 U.S. at 393. Accordingly, for this independent reason, the Court GRANTS Integrity's motion to remand.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Integrity' motion to remand based on McLean's untimely removal and the lack of subject matter jurisdiction. The Court ORDERS

///

///

///

1  that this action be remanded to the Superior Court of California in and for the County of San
2  Mateo.
3  **IT IS SO ORDERED.**
4
5  Dated: March 26, 2008
6  JEFFREY S. WHITE
   UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

4